IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAULA A. TOMKO, *

    Plaintiff, *

v. * Civil Action No. RDB-18-1029

UNITED STATES OF AMERICA, *

    Defendant. *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Paula A. Tomko ("Plaintiff" or "Tomko") brings this action against the Defendant United States of America ("United States" or "Defendant"), alleging that the United States Postal Service ("USPS") failed to timely deliver a package. (Compl., ECF No. 2.) Currently pending are the Plaintiff's Motion to Remand (ECF No. 11) and the Defendant's Motion to Dismiss (ECF No. 12). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. Dec. 1, 2018). For the reasons that follow, Plaintiff's Motion to Remand (ECF No. 11) is DENIED and the Defendant's Motion to Dismiss (ECF No. 12) is GRANTED.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Further, as a *pro se* Plaintiff, this Court has "liberally construed" Tomko's pleadings and held them to "less stringent standards than

1

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 2017 WL 4415771 (4th Cir. Oct. 5, 2017).

On January 22, 2018, Tomko mailed a package containing a book to Romulus, Michigan via United States Postal Service ("USPS") two-day priority mail. (Compl., ECF No. 2.) Despite paying for two-day priority mail, she asserts that the book did not arrive at its intended destination until January 29, 2018. (*Id.*) On March 5, 2018, Plaintiff filed the instant action in the District Court for Harford County, Maryland against Wendy M. Hutchins, Post Master for USPS's Abington Post Office, asserting that she was not able to teach a class because the book arrived late. (*Id.*) Hutchins removed the case to this Court (ECF No. 1), and thereafter filed a Motion to Substitute the United States of America as the proper Defendant, which this Court granted.[1] (ECF Nos. 6, 7.) On April 24, 2018, the Plaintiff filed a Motion to Remand this case back to the District Court for Harford County. (ECF No. 11.) On May 16, 2018, the Defendant filed a Motion to Dismiss. (ECF No. 12.)

## STANDARD OF REVIEW

### I. Motion to Remand

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective.

---

[1] Because the Plaintiff sues Hutchins for monetary damages related to alleged actions taken within the scope of Hutchins' employment for the United States, Plaintiff's exclusive remedy is against the United States. *See* 28 U.S.C. § 1346.

2

28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

## II. Motion to Dismiss

The Defendant moves to dismiss the Plaintiff's Complaint for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq.*, and because the United States has not waived its sovereign immunity for Plaintiff's claim. Because both arguments challenge this Court's ability to hear this case, they are properly considered under Federal Rule of Civil Procedure 12(b)(1). *See Khatami v. Compton*, 844 F. Supp. 2d 654, 663 (D. Md. 2012) ("[A] FTCA plaintiff's failure to file an administrative claim deprives courts of subject-matter jurisdiction over the claim."); *see also Beckham v. National R.R. Passenger Corp.*, 569 F. Supp. 2d 542 (D. Md. 2008) ("[A]lthough Eleventh Amendment immunity is not a 'true limit' on this Court's subject matter jurisdiction, . . . the Court concludes that it is more appropriate to consider this argument under Fed. R. Civ. P. 12(b)(1) because it ultimately challenges this Court's ability to exercise its Article III power.").

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D. Md. 2005). Under Rule 12(b)(1), the plaintiff bears the

3

burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).

## ANALYSIS

### I. Motion to Remand

The "well-pleaded complaint rule" governs the presence or absence of federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). Under this rule, courts "ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996)). The sole ground for Plaintiff's Motion to Remand is that she is unfamiliar with Baltimore and would prefer to be in Harford County. (ECF No. 11.) Given that the Plaintiff brings this action against the United States of America, and as explained below her claim is construed as being asserted under the Federal Tort Claims Act, 28 U.S.C. § 1346, *et seq.*, this Court has federal question jurisdiction over Plaintiff's claim and her Motion to Remand (ECF No. 11) is DENIED.

## II.  Motion to Dismiss under Rule 12(b)(1)

The Plaintiff Tomko alleges that a package she sent through the United States Postal Service was not delivered on time. Accordingly, this Court liberally construes her Complaint as alleging a cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq.*, based upon the negligence and/or wrongful acts or omissions on the part of USPS. *See* 39 U.S.C. § 4090 (explaining that the FTCA "shall apply to tort claims arising out of activities of the Postal Services"). In the Motion to Dismiss, the Defendant argues that this Court does not have jurisdiction over the Plaintiff's claim because she failed to exhaust her administrative remedies under the FTCA and because the United States has not waived its sovereign immunity for Plaintiff's claim.

### a.  Plaintiff Failed to Exhaust Her Administrative Remedies

"It is well established that the United States Government, as sovereign, is immune from suit unless it consents to be sued." *Khatami v. Compton*, 844 F. Supp. 2d 654, 663 (D. Md. 2012) (quoting *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990)). Under the FTCA, Congress created a limited waiver of sovereign immunity, permitting suit if certain requirements prescribed by Congress are met. *Id.* (citing *Gould*, 905 F.Supp.2d at 663; 28 U.S.C. §§ 2671-80). One requirement is that a plaintiff must "present" his or her claim before the appropriate administrative agency for determination before filing suit in court. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993).

In this case, the appropriate administrative agency is the United States Postal Service ("USPS"). The Plaintiff, however, has not pled or otherwise offered evidence that she filed an administrative claim with the USPS prior to filing for suit in this Court. Rather, the

Defendant attached the declaration of Kimberly A. Herbst, who is the supervisor, Tort Claims Examiner/Adjudicator with the USPS National Tort Center, in which Herbst testified that she "conducted a search of all Postal Service Law Department records of administrative tort claims submitted for adjudication for evidence of an administrative claim filed or on behalf of Paula A. Tomko . . . [and] no such claim was discovered." (Herbst Decl., ECF No. 12-2 at ¶ 4.) Herbst also testified that she conducted a search of a separate database that "contains information on and tracks claims submitted for adjudication at the local level . . . [and] no such claim was discovered." (*Id.* at ¶ 5.) Therefore, since Plaintiff has not met her burden of showing that she filed an administrative claim with the USPS prior to filing this action, she has failed to exhaust her administrative remedies and her claim must be dismissed for lack of subject matter jurisdiction.

### b. Plaintiff's Claim is Barred by Sovereign Immunity

Even if the Plaintiff had exhausted her administrative remedies, the Defendant is entitled to immunity under the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq.*, Congress created a limited waiver of sovereign immunity subject to certain objections. One of those exceptions is the "postal matter exception," which bars claims against the United States "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

Here, the Plaintiff claims that a package she sent through the USPS did not arrive in a timely manner. Accordingly, her claim relates to "the loss, miscarriage, or negligent transmission of letters or postal matter," and is barred by sovereign immunity. *See McDonald v. U.S. Postal Serv.*, No. ELH-12-2759, 2013 WL 140914, at *2 (D. Md. Jan. 10, 2013), *aff'd*, 519 F. App'x 162 (4th Cir. 2013) ("To the extent this claim is construed as a tort claim for improper delivery of mail, it falls within the postal matters exception to the FTCA's waiver of immunity, and must be dismissed for lack of subject matter jurisdiction."); *see also Ferebee v. Temple Hills Post Office*, No. GJH-14-02451, 2014 WL 5342845, at *3 (D. Md. Oct. 20, 2014), *aff'd*, 590 F. App'x 276 (4th Cir. 2015) (holding that the plaintiff's claims that her mail was lost, delivered late, and opened and resealed fell within the FTCA's postal exception and were therefore barred by sovereign immunity). Accordingly, even if the Plaintiff had exhausted her administrative remedies, her claim would be barred by sovereign immunity and the Defendant's Motion to Dismiss is GRANTED.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 11) is DENIED and the Defendant's Motion to Dismiss (ECF No. 12) is GRANTED.

A separate Order follows.

Dated: December 3, 2018

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge